# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 830 | **DATE** | February 10, 2012 |
| **CASE TITLE** | Fishbern vs. CJE + Council for Jewish Elders | | |

**DOCKET ENTRY TEXT**

For the reasons provided in the Statement section of this Order, Plaintiff's "Application for Leave to Proceed in Forma Pauperis" [4] is denied without prejudice. Plaintiff's Complaint is dismissed for failure to state a claim, and Plaintiff is given leave to file an amended complaint by 3/10/12. If he does not do so, this case will be dismissed with prejudice.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

Before the court is Plaintiff Julius Fishbern's request to proceed in forma pauperis in his complaint against the Council for Jewish Elderly ("CJE"). Because the complaint fails to state a claim upon which relief can be granted, it is dismissed, and his motion to proceed in forma pauperis is denied without prejudice.

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *See Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

Fishbern's hand-written complaint is nearly illegible. As best the court can discern, it alleges that his landlord was not pleased with Fishbern's dog's barking or Fishbern riding the elevator with his dog and yelled at him about it. (Fishbern appears to live in a CJE-owned apartment building.) Fishbern contends this is a violation of his federal civil rights, but it clearly is not. It is unclear to the court whether anything happened to Fishbern that rises to the level of a federal claim, but his complaint does not state one. In its present form, the complaint appears frivolous and fails to state a claim upon which relief can be granted.

Fishbern is advised that federal courts are courts of limited jurisdiction. Fishbern may only pursue a claim in this court if the claim is based upon violations of federal law or if he and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000. Neither of these jurisdictional bases are evident from Fishburn's complaint. Nor does the complaint contain a short and plain statement of the facts that

| STATEMENT |
|---|
| would suffice to give CJE notice of the claim against it.

Because Fishbern's complaint fails to state a claim upon which relief may be granted, the court denies Fishbern's application to proceed in forma pauperis without prejudice. Fishbern is granted leave to submit a First Amended Complaint on or before 3/10/2012, should he desire to do so consistent with this opinion. If a First Amended Complaint is not received by 3/10/2012, this case will be dismissed with prejudice.

Fishbern also is advised that his affidavit in support of his motion for leave to appear in forma pauperis is incomplete. If Fishbern files an amended complaint and wishes to seek leave to proceed in forma pauperis, he must file a revised affidavit in which he answers every question on the form.

If Fishbern wishes to seek assistance with his complaint, he may contact the Pro Se Assistance Program by making an appointment at the Clerk's Office Intake Desk, Dirksen Building, 219 S. Dearborn, 20th Floor, or by calling (312) 435-5691.

*James F. Holderman* |